UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLANCA CAMPOS, as Mother and Next Friend of A.O., a minor<br><br>Plaintiff,<br><br>v.<br><br>RAZOR USA, LLC a/k/a RAZOR, a Delaware Corporation<br><br>Defendants. | Case No. 18-cv-2518<br><br>Judge Sharon Johnson Coleman |

## ORDER

The defendant's motion to dismiss [9] is granted. This case is dismissed without prejudice.

## STATEMENT

The plaintiff, Blanca Campos, brings this suit against defendant Razor USA, LLC ("Razor") on behalf of her minor child, A.O. Campos alleges that A.O. was severely injured when he fell while using a Razor scooter, striking his eye on the handlebar quick-release lever. Campos filed a complaint against Razor asserting claims of strict product liability, negligence, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. Razor contends that the complaint should be dismissed because Campos' allegations are insufficient to state a claim.

A complaint must contain a "short plain statement" of the claim showing that the injured party is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than unadorned assertions without factual enhancement. *Id.* at 678. A complaint must contain sufficient factual matter, accepted as true, to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When ruling on a motion to

dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

Campos' complaint alleges what happened in general terms, describing how A.O. struck his eye on the quick release lever of his scooter. The complaint, however, lacks necessary factual allegations concerning Campos' specific theories of liability. Campos alleges that the scooter was unreasonably dangerous, that it lacked adequate warning labels, that it was defectively designed, and that it was warranted as being fit for A.O's use. The complaint, however, contains no factual allegations concerning the labelling of the scooter in question or any other representations made by the defendants prior to the plaintiff's purchase. The complaint also does not describe with adequate specificity what rendered the scooter unreasonably dangerous or defectively designed. Absent more detailed factual allegations, Campos' complaint thus amounts to little more than a formulaic recitation of the legal elements of her claims and does not satisfy the requirements of Federal Rule of Civil Procedure 12(b)(6).

Razor further contends that Campos has specifically failed to state a claim for breach of the implied warranty of fitness for a particular purpose. In order to establish the existence of a warranty of fitness for a particular purpose, a plaintiff must allege that the seller was aware that the good was being purchased for a particular purpose and that the buyer was relying on the seller's skill to select a good suitable for that purpose. *Rubin v. Marshall Field & Co.*, 597 N.E.2d 688, 692, 232 Ill. App. 3d 522 (1992). Campos, however, has made no allegations capable of establishing that the scooter was purchased for anything other than its intended use. *See Zaffiri v. Pontiac RV, Inc.*, 2012 IL App (4th) I20042-U, ¶ 72, 2012 WL 7050429 ("It is long recognized in Illinois that even where a seller has reason to know of a buyer's particular purpose, no warranty for a particular purpose is created if the intended use is no different from the ordinary use of the product."). The Court accordingly notes

that Campos' implied warranty of fitness for a particular purpose claim independently warrants dismissal. The Court therefore grants the defendant's motion to dismiss and dismisses this case without prejudice.

IT IS SO ORDERED.

Date: 8/8/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge